MAC:PJS

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:CR-14-070 |
| | ) | |
| v. | ) | (CJ Kane) |
| | ) | |
| EUGENE RICE, | ) | |
|     Defendant. | ) | |

**RESPONSE TO THE DEFENDANT'S MOTION FOR RELEASE FROM
DETENTION ON CONDITIONS**

I.   PROCEDURAL HISTORY

On September 17, 2014, the defendant was indicted as part of a Superseding Indictment with conspiracy to commit racketeering, conspiracy to commit drug trafficking, and drug trafficking. (Doc. 78.) On December 9, 2014, he was arraigned on the charge and entered a not guilty plea. (Doc. 260.)  After a detention hearing, U.S. Magistrate Judge Susan E. Schwab ordered the defendant detained pending trial. (Doc. 279.)

The case is currently scheduled for trial on September 21, 2015. (Doc. 323.)  The defendant has filed the present motion for bail (Doc. 338) and supporting brief (Doc. 348).  The government herein responds.

II. DISCUSSION

A court is authorized to order pretrial detention in a variety of circumstances. Some of those circumstances include where an individual is charged with an offense and the maximum punishment is life incarceration, 18 U.S.C. §3142(f)(1)(B); where a defendant poses a serious risk of flight, 18 U.S.C. §3142(f)(2)(A); and where a defendant poses a serious risk to obstruct justice or threaten, intimidate, or injure a witness, 18 U.S.C. §3142(f)(2)(B).

Furthermore, Congress has indicated that a court should apply a presumption of detention for individuals charged with certain offenses. 18 U.S.C. §3142(e)(3)(A). Included in those offenses are drug trafficking crimes in which a punishment of ten years or more is prescribed. *Id.* Thus a presumption of detention applies in this case.

A grand jury has found that the defendant has been indicted for racketeering conspiracy with the object of the conspiracy being murder, drug trafficking, obstruction of justice and witness intimidation. (Doc. 78.) A grand jury has also found probable cause to charge Rice with conspiracy to distribute controlled substances and distribution of the same. (Doc. 78.) The maximum punishments for these offenses are life

in prison, and all of these counts of indictment trigger a presumption of detention.

Rice's involvement in criminal activity spans a substantial period of time and directly involves the objects of the racketeering conspiracy. His counsel appropriately notes that, on different occasions in his life, he was convicted by state authorities for his involvement in criminal conduct. Rice claims that these prior convictions reflect the sum total of the government's evidence of Rice's involvement in criminal conduct.

While some of this criminal conduct was a part of the underlying facts supporting his indictment, his prior criminal convictions reflect only a minor part of the federal charges he faces. His drug trafficking convictions from 2006 and 2009, arose from discrete transactions captured by law enforcement. However, those discrete transactions do not capture the entirety of his ongoing, regular drug trafficking activities that he engaged in during the conspiracy.

In addition, Rice's involvement in violence in furtherance of gang objectives has not been previously adjudicated by local prosecutions. Specifically, his involvement in shooting at individuals and directing fellow gang members to shoot at individuals at different times during

the racketeering conspiracy has not been previously adjudicated. Rice has noted that his involvement in crimes of violence and drug trafficking has not appeared in his discovery. Evidence of his involvement in these activities has been provided by multiple cooperating individuals, whom the government anticipates calling as witnesses at trial. The substance of their information is not subject to disclosure at this juncture.

Eugene Rice poses a threat to the community, specifically, that he will reoffend if released. Rice has had multiple contacts and criminal episodes with the police over the past ten years, all of which is substantial evidence of a future risk to re-offend.

In addition, Rice possesses a threat of flight. On March 12, 2014, Baltimore County Police stopped Rice in a vehicle for traffic violations. Rice did not have a driver's license or identification. He identified himself as Marvin Antoine Brown, his brother. The officer issued citations in the name of Marvin Antoine Brown and allowed Rice to leave. Two days later, the officer interviewed Brown who indicated that Rice had falsely used his identification, and had done so on multiple

prior occasions. Through a photograph of Rice, the officer confirmed Rice was the operator of the vehicle during the traffic stop.

On September 17, 2014, a grand jury indicted Rice and twenty others for racketeering and drug trafficking. On September 23, 2014, the government took steps to arrest individuals involved in the activities, including Rice.  At that time, the government was using a confidential informant and investigatory tools to track Rice's whereabouts. However, when the press release was issued identifying Rice as a target, Rice left the York area and stayed in Baltimore, where he remained until his arrest on October 24, 2014. This conduct supports a finding that Rice is a flight risk.

### III. CONCLUSION

The government requests that the above identified authority and the circumstances identified above and deny the defendant's request for bail.

Respectfully submitted,

PETER J. SMITH
UNITED STATES ATTORNEY

/s/ Michael A. Consiglio
Michael A. Consiglio

Assistant United States Attorney
228 Walnut Street, P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)
Michael.Consiglio@usdoj.gov
Bar No. PA-76103

MAC:PJS

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:CR-14-070 |
| | ) | |
| v. | ) | (CJ Kane) |
| | ) | |
| EUGENE RICE, | ) | |
|     Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is serving on this day a copy of the foregoing document,

**RESPONSE TO THE DEFENDANT'S MOTION FOR RELEASE FROM DETENTION ON CONDITIONS**

Upon the persons and in the manner indicated below

G. Scott Gardner, Esquire
gsgmakeswine@gmail.com

29 May 2015

/s/ Michael A. Consiglio
MICHAEL A. CONSIGLIO
Assistant United States Attorney
Michael.Consiglio@usdoj.gov
PA76103